

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

RICHARD JAMES JOHNSON,      §
                            §
    Petitioner,             §
                            §
v.                          §      2:07-CV-0117
                            §
NATHANIEL QUARTERMAN, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
                            §
    Respondent.             §

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner RICHARD JAMES JOHNSON. By his habeas application, petitioner challenges an April 2, 2007 prison disciplinary proceeding wherein petitioner was found guilty of the Level 1, Code 3.3 disciplinary offense of assaulting an officer without a weapon, which results in no injury. Petitioner's punishment included the forfeiture of 80 days good time credits.[1]

Following the finding of guilt in the disciplinary proceeding, petitioner filed a Step 1 grievance, which was denied on May 11, 2007. Petitioner then filed a Step 2 grievance, which was denied on May 29, 2007. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for a writ of

---

[1]Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

habeas corpus should be DENIED.

# I.
# STATE COURT CONVICTION

Petitioner is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), as a result of two separate judgments and sentences out of the 159th Judicial District Court of Angelina County, Texas. In Cause No. 21,459, petitioner was found guilty of second-degree burglary of a habitation, and on August 15, 2000, he was sentenced to a term of imprisonment of thirty years. In Cause No. 21,712, petitioner was found guilty of escape. On October 18, 2000, he was sentenced to a term of ninety-nine years imprisonment. Petitioner is serving his sentences concurrently and is eligible for discretionary mandatory supervision for each offense.

Further elaboration of the specifics of petitioner's state court convictions and any post-conviction proceedings are unnecessary because, in this habeas petition, petitioner challenges only the result of the disciplinary proceeding.

# II.
# PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the disciplinary proceeding in Case No. 20070212755 in the following respects:

1. Petitioner's due process rights were violated because he was denied the right to call witnesses; and,

2. Petitioner's due process rights were violated because there was no

evidence of the alleged offense, "which the hearing officer noted."[2]

## III.
## EXHAUSTION OF STATE REMEDIES

Petitioner filed his federal application after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Consequently, no relief may be granted to petitioner unless he has exhausted the remedies available in the courts of the State, or an exception to exhaustion exists.  However, 28 U.S.C. § 2254(b)(2) provides that an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.  This AEDPA deference scheme also applies to a habeas petition challenging the result of prison disciplinary proceedings for which appeal is available through the grievance process.  *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980).  Such an appeal has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented."  28 U.S.C. § 2254(c).  *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[3]

Petitioner filed Step 1 and Step 2 grievances, complaining of the hearing officer's denial of petitioner's witnesses and of the lack of evidence to support the disciplinary violation.  At both steps, petitioner's grievances were denied.  Furthermore, respondent does not assert that petitioner

---

[2] Respondent asserts that petitioner raised three allegations, the third one being the charging officer fabricated the charge in retaliation against petitioner.  In the Court's opinion, petitioner does not raise retaliation as a separate ground in his habeas petition, although petitioner did raise retaliation in Step 1 of the grievance process.  Because the mention of retaliation appears to be nothing more than a conclusory statement inserted as a comment to Ground One, the Court will not address retaliation.

[3] At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act.  *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

failed to exhaust his state remedies on these claims.[4]

## IV.
## MERITS

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions that must be satisfied. Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563-566.

In this case, petitioner first asserts that his due process rights were violated when petitioner was denied the opportunity to call witnesses. After receiving notice he was being charged with a Level 1, Code 3.3 assault for throwing his identification card at an officer, petitioner informed the investigating officer and the hearing officer of two witnesses he wished to call, Officer Armendez and Sergeant Miller. Petitioner stated both witnesses would testify he did not have his identification card the night before the incident. Although the hearing officer stipulated that each witness would have so testified, he did not authorize bringing such witnesses

---

[4]Respondent only alleges that petitioner did not exhaust his remedies as to the perceived retaliation claim. Petitioner raised retaliation at Step 1 of the grievance process, but not at Step 2. Even if this was a separate claim, it would be denied regardless of exhaustion because any allegation of retaliation has no merit here. *See* 28 U.S.C. § 2254(b)(2). The only support petitioner provided was a conclusory statement that the officer filed the report in retaliation. Such a statement alone is not sufficient evidence upon which a writ may be granted.

to the disciplinary hearing because neither could provide testimony relevant to the assault.[5]

The right to call witnesses at a prison disciplinary hearing is not absolute. Prison officials may deny a request when the projected testimony is irrelevant, unnecessary, or creates a hazard to institutional safety or correctional goals. In *Ponte v. Real*, 471 U.S. 491, 499, 105 S.Ct. 2192, 2197, 85 L.Ed.2d 553 (1985), the Supreme Court remarked that the discretion of prison officials was so broad that "it may be that a constitutional challenge to a disciplinary hearing [based upon an inmate's right to call witnesses] . . . will rarely, if ever, be successful." This case does not present one of those rare instances where the denial of witnesses, even if such was erroneous, justifies relief to petitioner. The testimony either of these witnesses could have provided had little relevance to whether petitioner had his identification card at the time of the alleged assault. Therefore, the hearing officer acted within his discretion when he denied petitioner the opportunity to call these witnesses. This claim is without merit.

Petitioner claims in his second ground that there was no evidence an assault occurred and that the hearing officer admitted this during the hearing. In addressing these types of cases, the Fifth Circuit has declared that the findings of a prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, as long as there is "any evidence at all" to support the disciplinary hearing officer's findings, the result of the hearing will be upheld. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001)(quoting *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986)). The offense report, the preliminary investigation worksheet, and the charging officer's testimony provided ample evidence upon which the hearing officer could base his findings. Among other

---

[5]The basis for the DHO's denial was that neither witness was present, or even working, when the alleged assault occurred.

things, the charging officer stated he was hit by an identification card thrown at him by petitioner. This alone is sufficient evidence to support a disciplinary finding of guilt. As to petitioner's claim that the hearing officer stated there was no evidence of the assault, such claim is not supported by either the audio tape of the hearing or the weight of the evidence the hearing officer relied upon in his written findings. Petitioner's claim must fail.

## V.
## RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner RICHARD JAMES JOHNSON is without merit and should be, in all things, DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 19th day of December 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).